## PETER KAIBER v. ANN M. HARRIS, ET AL.

**Tax Sales—Penalties—Decedent's Real Estate.**

Before a person buying real estate at a tax sale can legally exact the penalties prescribed by the statute, he must show that the statutes have been complied with in levying such taxes and in making such sale.

**Decedent's Real Estate.**

A tax sale made under a tax bill against a named person's estate does not comply with the statute; such bill and sale should be made in the name of the heirs who inherited the real estate, and not against the estate.

### APPEAL FROM KENTON CIRCUIT COURT.

February 3, 1875.

OPINION BY JUDGE COFER:

In a proceeding which, from the imperfect record before us, we suppose to have been for a settlement of the estate of H. C. Harris, the appellant presented to the master commissioner a claim against the estate of said Harris for $511.41. This claim was based on the fact that real estate formerly belonging to Harris had been sold by the collector of city taxes in Covington for unpaid taxes, and purchased by the appellant in December, 1869, at the total sum of $191.78, upon which he claimed, by way of penalty, the sum of $319.63, which is at the rate of 50 per cent. per annum from the date of the sale to the filing of the claim with the commissioner.

The master allowed and reported in appellant's favor the amount actually paid by him in discharging of the city taxes, with 6 per cent. per annum interest. To this report the appellant filed exceptions, because the whole amount of his claim had not been allowed;

and the court having overruled his exceptions and decreed a distribution of the fund, he has appealed.

The charter of the city of Covington requires the assessor to affix against the name of each inhabitant the amount of his real estate in said city, with a proper description by number and situation, and requires the city clerk to make out a tax bill against each person assessed with taxes, specifying thereon such item of taxation, the value thereof, and the tax imposed. It also provides that tax bills shall be placed in the hands of the city collector, and if not paid, authorizes him, after advertising, to sell the real estate of the taxpayer. Real estate so sold may be redeemed by the owner at any time within three years, by paying to the purchaser the amount of his bid with 50 per cent. thereon if redeemed within one year, and if not redeemed within that time, by paying 50 per cent. per annum.

It is under these provisions that the appellant claims to be entitled to the enormous penalty which he insists on in this case. Such penalties will not be enforced unless he who claims them can show a strict compliance with all the requirements of the statute bearing upon the subject.

The tax bills under which the appellant purchased are copied into the record, and they fail to show even a substantial, much less a strict compliance with the requirements of the city charter. The assessments were all made after the death of Harris and should have been made against those who succeeded to his title, in order to comply with the requirement that assessments shall be against the owner of the property assessed, and both the assessment and the tax bills should have contained a proper description of the property assessed. The assessment does not appear in the record, and we have no means of knowing whether it was properly made or not, or indeed, whether any assessment was in fact made; but the tax bills are made out, not against the owners of the property, but against the "H. C. Harris estate," and therefore gave the collector no authority to sell the property which then belonged to persons not named on the tax bill as owners.

There are other objections which are equally fatal to the appellant's claim to a penalty now amounting to more than 150 per cent; but it is not deemed necessary to consider them, as that already named is sufficient.

Judgment *affirmed.*

*R. D. Handy, W. D. Rankin, for appellant.*
*R. Richardson, for appellees.*